CLERK'S OFFICE U.S. DIST. COURT
AT CHARLOTTESVILLE, VA
FILED
MAY 03 2005
JOHN F. CORCORAN, CLERK
BY: /s/ Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
DANVILLE DIVISION

| | | |
|---|---|---|
| SANDRA L. BAKER, | ) | CASE NO. 4:04CV00049 |
| Plaintiff | ) | |
| v. | ) | REPORT AND RECOMMENDATION |
| | ) | |
| JO ANN B. BARNHART, Commissioner of Social Security, | ) | By: B. Waugh Crigler U. S. Magistrate Judge |
| Defendant | ) | |

This challenge to a final decision of the Commissioner which denied plaintiff's claim for a period of disability, disability insurance benefits and supplemental security income benefits under the Social Security Act (Act), as amended, 42 U.S.C.§§ 416, 423 and 1381 *et seq.*, is before this court under authority of 28 U.S.C. § 636(b)(1)(B) to render to the presiding District Judge a report setting forth appropriate findings, conclusions and recommendations for the disposition of the case. For the reasons that follow, the court will recommend that an order enter AFFIRMING the Commissioner's final decision, GRANTING judgment to the defendant and DISMISSING the case from the docket of the court.

In a decision eventually adopted as a final decision of the Commissioner, a Law Judge found that plaintiff had not been engaged in any gainful activity since the date of her alleged disability onset. (R. 21, 22.) He also found that plaintiff suffered "chronic obstructive pulmonary disease, depression, anxiety, a personality disorder, and a history of alcohol abuse, in

1

remission, impairments" that were severe but not severe enough to meet or equal any listed impairment. (R. 22.) The Law Judge was of the opinion that plaintiff's complaints about the effects of her conditions were not entirely credible, and with the aid of vocational evidence, the Law Judge determined that that plaintiff's past relevant work as a food service worker, wood repairer, machine operator, inspector and sprayer fell within the light work category. (R. 14-15, 21, 300, 301.)[1] Finding that plaintiff retained the residual functional capacity "for simple, repetitive, light work, occasionally lifting 20 pounds, frequently lifting 10 pounds, standing or walking for 6 hours, and sitting for 6 hours, in an 8-hour day," and further concluding from the evidence that plaintiff's past relevant work as a food service worker did not require her to perform work-related activities precluded by her residual functional capacity, the Law Judge determined that plaintiff was able to perform her past relevant work. (R.22.) Thus, plaintiff was found not disabled at the fourth level of the sequential evaluation.

The Appeals Council determined there was no basis in the record to grant plaintiff's request for review. Therefore, it denied review and adopted the Law Judge's decision as a final decision of the Commissioner. (R. 7-8.) This action ensued.

The Commissioner is charged with evaluating the medical evidence, assessing symptoms, signs and findings, and, in the end, determining the functional capacity of the claimant. 20 C.F.R. §§ 404.1527-404.1545; *Hays v. Sullivan*, 907 F.2d 1453 (1990); *Shively v. Heckler*, 739 F.2d 987 (4th Cir. 1984). In that connection, the Commissioner regulatorily is granted some latitude in resolving inconsistencies in evidence and the court reviews the Law

---

[1] Under 20 C.F.R. § 404.1560(b)(2), which became effective September 1, 2003, the Commissioner may rely on vocational evidence in assessing a claimant's past relevant work.

2

Judge's factual determinations only for clear error. 20 C.F.R. §§ 404.1527 and 416.927; *See also Estep v. Richardson*, 459 F.2d 1015, 1017 (4th Cir. 1972). In the end, if the Law Judge's resolution of the conflicts in the evidence is supported by substantial evidence then the Commissioner's final decision must be affirmed. *Laws v. Celebrezze*, 368 F.2d 640 (4th Cir. 1966).

Plaintiff's primary contention before the Appeals Council was that the Law Judge's decision was "not supported by the medical/psychological evidence contained in the claimant's file." (R. 273.) In that connection, the undersigned notes that plaintiff has been seen by a number of treating and examining medical sources for diverse symptoms. There is no question she has suffered chronic obstructive pulmonary disease, depression, anxiety, a personality disorder, and she has a history of alcohol abuse, which is in remission. There is disparity in the medical record, however, concerning the effects of plaintiff's physiological impairments. In an initial assessment at Piedmont Community Services, P. C. Patel, M.D., plaintiff's supervising treating physician, estimated plaintiff's GAF to be 60, which the Law Judge noted was "at the high end of moderate symptoms, with mild symptoms beginning at 61."(R. 21, 260.) Dr. Patel's assessment is consistent with the later progress by plaintiff's treating psychotherapist, Ms. Patti Williamson, which reveals that plaintiff's mental status was within normal limits in the categories of appearance, behavior, orientation., speech, mood, range of affect, thought process, thought content and perception. (R. 245-58.) The evidence submitted by the State Agency medical and psychological consultants was consistent with the evidence and opinions of these treating sources. (R. 206-27.)

Plaintiff was evaluated at the request of her counsel by Joseph Leizer, Ph.D., who

Case 4:04-cv-00049-JLK-BWC   Document 10   Filed 05/03/05   Page 3 of 5   Pageid#: 20

diagnosed plaintiff as suffering a generalized anxiety disorder and a major depressive disorder with psychotic features. (R. 236-244.) He estimated plaintiff's GAF to be 35. (R. 243.) He noted marked limitations on her ability to concentrate/persist and to interact appropriately in non-stressful and stressful situations and was of the view that she needed "aggressive mental health treatment." (R. 244.)

Though Dr. Leizer explained the bases for his conclusions, including his view on plaintiff's credibility, he was but a one-time examiner and not a treating source, and, here, the Law Judge chose to credit the views of the treating sources, together with similar state agency assessments, concerning plaintiff's work-related capacities over those provided by Dr. Leizer. A careful examination of the record discloses that the medical evidence in this case is in conflict, in which circumstances claimants often complain that the Commissioner has failed to give great weight and special consideration to the treating source evidence on the grounds that such treating source has had the best opportunity over time to have observed the claimant and to know the impairments suffered and their effects. In this case, the proverbial "shoe is on the other foot," and the record offers nothing more than Dr. Leizer's own beliefs to substantiate his reasons to find plaintiff is much more limited that found by both treating doctors and record consultants. In other words, the undersigned cannot say that the Commissioner's resolution of the conflicts here is unsupported by substantial evidence.[2]

Accordingly, the presiding District Judge should enter an order AFFIRMING the

---

[2] While the case was pending in this court, plaintiff's counsel forwarded to the Clerk "updated medical records and reports from Piedmont Community Services...." This evidence essentially is cumulative, particularly the June 5, 2003 report from Dr. Patel, and it does not qualify as "new evidence" to support a remand to the Commissioner for further proceedings.

4

Commissioner's final decision, GRANTING judgment to the defendant and DISMISSING the case from the docket of the court. It is so RECOMMENDED.

The Clerk is directed to immediately transmit the record in this case to the presiding District Judge. Both sides are reminded that pursuant to Rule 72(b) they are entitled to note objections, if any they may have, to this Report and Recommendation within (10) days hereof. Any adjudication of fact or conclusion of law rendered herein by the undersigned not specifically objected to within the period prescribed by law may become conclusive upon the parties. Failure to file specific objections pursuant to 28 U.S.C. § 636(b)(1)(C) as to factual recitations or findings as well as to the conclusions reached by the undersigned may be construed by any reviewing court as a waiver of such objection. The Clerk is directed to send a certified copy of this Report and Recommendation to all counsel of record.

ENTERED: _____
U.S. Magistrate Judge

5/3/05
Date